UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

      - against -                              1:03-CR-148

DANIEL COTTON,

          Petitioner.
_____

APPEARANCES:                             OF COUNSEL:

DANIEL COTTON
# 11851052
FCI Fort Dix
Building 5803
P.O. Box 2000
Fort Dix, New York  08640

ANDREW T. BAXTER                    Carlos A. Moreno, Esq
United States Attorney                  Assistant U.S. Attorney
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway
Albany, New York  12207

**NORMAN A. MORDUE, Chief U.S. District Judge**

MEMORANDUM-DECISION AND ORDER

I.      INTRODUCTION

      Defendant has submitted a motion or request for a reduction in sentence or early release from prison due to alleged pressing family circumstances involving his children. Defendant made an earlier motion for the same relief in July 2009, but said motion was rejected based on defendant's failure to serve it on the government as required by the Local Rules of the Court. By way of background, defendant was sentenced in June 2005 to 16 months imprisonment followed by a three year term of supervised release. His original conviction was for possession of materials with the intent to manufacture methamphetamine. In July 2006, defendant began

serving his term of supervised release. The terms of defendant's supervised release were modified in May 2007 to include a period of home detention after defendant used cocaine and marijuana. In September 2007, the Court modified defendant's supervised release for a second time to include an additional period of home detention after he twice violated the terms of home confinement. On March 5, 2009, defendant was sentenced to 9 months imprisonment as a result of his admission to using cocaine and marijuana on multiple occasions in violation of the terms of his supervised release. According to the government, the Bureau of Prisons projects defendant's release date as November 24, 2009.

II.     DISCUSSION

There are only limited circumstances in which a district court may modify a term of imprisonment once it has been imposed. Pursuant to 18 U.S.C. § 3582, a court may, upon motion of the Director of the Bureau of Prisons, reduce a term of imprisonment if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, and the Bureau of Prisons determines that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g). A court may also modify an imposed term of imprisonment based on clear error or substantial assistance of the defendant as permitted by Rule 35 of the Federal Rules of Criminal Procedure or another statute. Finally, a court may reduce a term imprisonment in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o).

The Court notes in the first instance that the present motion has not been presented by or on notice to the Director of the Bureau of Prisons. This case does not involve a sentencing range that has been lowered nor does it appear that clear error or assistance to law enforcement by the

defendant is a factor. Indeed, defendant states his reason for requesting early release is based on the need to maintain custody of his children who are the subject of a formal petition for custody by their mother in Fulton County family court. The Court presumes defendant relies on the potential loss of custody of his children as an "extraordinary and compelling" reason to grant his request for reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). Assuming defendant's failure to utilize any administrative procedures through the Bureau of Prisons does not divest the Court of authority or jursidiction to consider his request for early release,[1] the Court cannot grant the motion in any event. The Court was well aware at time it imposed the sentence at issue herein that defendant had custody of his two young sons and the Court took that factor into consideration.

III.   CONCLUSION

Based on the foregoing, it is hereby

**ORDERED** that defendant's motion to reduce his sentence is hereby **DENIED.**

IT IS SO ORDERED.

Date: November 17, 2009
      Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge

---

[1] *See, e.g. United States v. Marion,* 263 F.3d 163 (5th Cir. 2001) (district court lacked jurisdiction to reduce defendant's sentence in absence of motion by government or Bureau of Prisons); *United States v. Ozoria*, 2008 WL 1840764 (W.D.N.Y April 22, 2008) (court lacked authority to modify sentence when motion not filed by Bureau of Prisons); *Rivera v. United States*, 2003 WL 76988 (S.D.N.Y. Jan. 9, 2003) (same).